■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. AMOS WILLIAMS, Respondent, against ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

HALPERN, J. (dissenting). I dissent from the decision of the court in this case for substantially the same reasons as those given in my dissent in *People ex rel. Sheehan* v. *Murphy* (7 A D 2d 889). However, there are certain additional facts in this case which make it unnecessary to hold a further hearing.

In this case, it appears that the transcript of the stenographer's minutes of the proceedings on the day of sentence, annexed to the petition, opened with the following parenthetical statement: " (The defendant was arraigned for sentence and asked the usual formal question.) ".

There can be no doubt that the reference to the " usual formal question " is a reference to the question required by section 480. Immediately after the parenthetical statement, there appears a statement by the defendant's counsel, thanking the court and the Probation Bureau for the consideration given to the defendant's counsel at the time that the plea of guilty had been taken, and pleading " for mercy " for the defendant. There is also attached to the petition a transcript of the minutes of a hearing in a *coram nobis* proceeding held on June 30, 1950, in the course of which the relator was sworn and was examined. The relator made no claim in the course of his testimony that he had not been asked the question required by section 480 prior to sentence.

In this case, as in the *Sheehan* case, the Special Term took no testimony and made no finding on the question of fact as to whether section 480 had been complied with but peremptorily granted an order annulling the sentence.

After the handing down of the decision by the Special Term, the Attorney-General procured a photostatic copy of page 109 of Liber 597 of the minutes of the Clerk of the County Court of Kings County, showing the proceedings held on February 27, 1950, the day of the relator's sentence. A copy of the photostat was sent to the relator prior to the submission of the appeal to this court and a certified photostatic copy has been submitted to the court. Since this is a matter of official record which is in its nature indisputable, it may properly be received by this court upon appeal (*Ripley* v. *Storer,* 309 N. Y. 506, 518).

The clerk's minutes show the following: " The following defendants were duly arraigned for sentence, pursuant to Sec. 480 C. C. P., with dispositions as follows: ".

Immediately thereafter there follows in one column the notation: " #1062-1949 J. Amos Williams " and in the other column the following: " Convicted of manslaughter, first degree, armed. Defendant present with counsel Leo Healy, Esq., M. Steinberg, Esq., H. Walters, Esq. Sentence to Sing Sing Prison for ten (10) to twenty (20) years for the crime plus five (5) to ten (10) for being armed. Total Fifteen (15) to thirty (30) years."

The reference in these minutes to section 480, coupled with the reference to " the usual formal question " in the stenographer's minutes, demonstrates clearly that the question under section 480 had been asked.

The order in this case should, therefore, be reversed and the writ dismissed.

All concur, except Kimball, J., not participating, and Halpern, J., who dissents and votes for reversal and for dismissal of the writ in an opinion. Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

Order affirmed, without costs of this appeal to any party.